# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------- x

| | | |
|---|---|---|
| MWW GROUP, LLC, | : | Index No.: _____ |
| Plaintiff, | : | **SUMMONS** |
| - against - | : | |
| TURNER BROADCASTING SYSTEM, INC., | : | |
| Defendant. | : | |

--------------------------------------------- x

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiff herein and to serve a copy of your answer on the Plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:       June 24, 2019

                                        WHITE AND WILLIAMS LLP

                                By      _____
                                        JAY SHAPIRO
                                        7 Times Square
                                        New York, NY 10036
                                        Phone: 212-244-9500
                                        Email: shapiroj@whiteandwilliams.com
                                        *Attorneys for Plaintiff MWW Group, LLC*

Defendant's Address:
TURNER BROADCASTING SYSTEM, INC.
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

23053393v.1

1 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MWW GROUP, LLC, | : | Index No.: _____ |
| Plaintiff, | : | **COMPLAINT** |
| - against - | : | |
| | : | |
| TURNER BROADCASTING SYSTEM, INC., , | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, by and through its attorneys, the law offices of WHITE AND WILLIAMS LLP, as and for its Complaint against Defendants herein, respectfully sets forth and alleges the following on information and belief:

## **INTRODUCTION**

1. This lawsuit involves a carefully orchestrated scheme by which Defendant Turner Broadcasting System, Inc. ("TBS") and certain of its agents and/or employees, invoiced Plaintiff MWW Group, LLC ("MWW") $1,500,333 and induced MWW to pay $667,000 to Defendant for services never performed for MWW. By virtue of that payment, other corporate entities have benefitted while MWW has been deprived of a significant sum of money.

## **THE PARTIES**

2. Plaintiff MWW is a limited liability company incorporated in the State of Delaware with a principal place of business located at 304 Park Avenue South, New York, New York. Plaintiff MWW provides public relations, public affairs, and marketing services.

23053393v.1

-2-

3. Defendant TBS is a company incorporated in the State of Georgia with a principal place of business located in Atlanta, Georgia.

4. WME-IMG LLC is an American talent agency formed as a limited liability company incorporated in the State of Delaware with a principal place of business located at 9601 Wilshire Boulevard, Floor 3, Beverly Hills, California.

5. In October of 2017, WME-IMG announced the formation of a new holding company, Endeavor, LLC ("Endeavor"), which would take on the full portfolio of owned and operated brands formerly under the WME-IMG banner.

6. Endeavor operates as a talent agency that represents talent for music and theatre events, comedy performances, and speaking engagements. Endeavor a limited liability company incorporated in the State of California with a principal place of business located at 1700 Broadway, San Francisco, California. WME-IMG LLC and Endeavor are collectively referred to herein as "IMG".

## VENUE AND JURISDICTION

7. This Court has personal jurisdiction over Plaintiff MWW because it is a resident of this State. This Court has personal jurisdiction over Defendant TBS because it regularly conducts business in this State.

8. Venue is proper in New York County pursuant to CPLR §503 because Plaintiff MWW is a resident of New York County.

## FACTUAL BACKGROUND

9. On information and belief, in or around 2017 and/or at some point prior thereto, Andrew Garson was an employee of WME-IMG and/or Endeavor.

-3-

23053393v.1

10. On information and belief, Defendant provided work and services on behalf of clients and/or vendors of WME-IMG and/or Endeavor at a time when Andrew Garson was an employee of WME-IMG and/or Endeavor. Although WME-IMG and/or Endeavor was responsible to pay Defendant for this work and services, it did not pay Defendant at the time the invoices were due and owing.

11. In late 2017 or early 2018, Garson left the employ WME-IMG and/or Endeavor.

12. In approximately February of 2018, Garson joined Plaintiff MWW, as Executive Vice President.

13. On information and belief, at some point in time after Garson joined MWW, Garson, with the knowledge of an employee and/or agent of TBS, fabricated seven purported TBS invoices ("Fraudulent Invoices") on TBS letterhead. The Fraudulent Invoices included:

| Invoice | Amount | Status | Date |
|---|---|---|---|
| 1304065 | 114,583 | Paid | 3/13/2018 |
| 1304255 | 125,000 | Paid | 3/13/2018 |
| 2408172ADJ | 125,000 | Paid | 4/18/2018 |
| 2408174ADJ | 125,000 | Paid | 5/4/2018 |
| 2284233 | 17,000 | Paid | 8/13/2018 |
| 1302928 | 85,417 | Paid | 4/12/2018 |
| 1297883 | 75,000 | Paid | 3/27/2018 |

Table 1.

14. These invoices were actually the amounts that were those for work and services provided to WME-IMG and/or Endeavor by TBS.

15. Garson instructed the Accounts Payable Department at Plaintiff MWW to pay the Fraudulent Invoices.

16. Accordingly, MWW wired funds to Defendant TBS. The payment dates for each Fraudulent Invoices are noted in Table 1 above in Paragraph 13.

-4-

23053393v.1

17. Defendant TBS accepted these payments, even though it was fully aware that Plaintiff MWW paid Defendant TBS $667,000 for services that were not performed and/or requested by Plaintiff MWW.

18. After this scheme involving Garson was uncovered, IMG agreed to pay TBS the sum of $650,000 wrongfully invoiced to Plaintiff in so much as the Fraudulent Invoices were for services allegedly provided by Defendant on behalf of clients and/or vendors of WME-IMG and/or Endeavor at a time when Andrew Garson was an employee of WME-IMG and/or Endeavor.

19. Instead of returning the $650,000 to Plaintiff, Defendant TBS has instead kept the money and purportedly applied this sum to other invoices purportedly due from Plaintiff ("Other Invoices"). These Other Invoices include:

| | |
|---|---|
| 2476928-1 | 400,000 |
| 1319517 | 100,000 |
| SB11216-1 | 108,333 |
| 2443077-1 | 225,000 |

Table 2.

20. Plaintiff has demanded but not received any information concerning the work or services that underlie the Other Invoices and has no knowledge of the specifics relating to the them. Further, given TBS' acceptance of monies from Plaintiff for services that were not performed and/or requested by Plaintiff MWW; Garson's participation in a scheme involving TBS and its agents and/or employees; and TBS' withholding of $650,000 paid by IMG, Plaintiff has questioned the legitimacy of the Other Invoices.

21. Plaintiff MWW has demanded restitution from Defendant TBS including a return of the $667,000, however, Defendant has refused.

22. Based on the foregoing, it is clear that Defendant has been unjustly enriched by the fraudulent conduct perpetrated on Plaintiff MWW.

## COUNT I

## COMMON LAW FRAUD

23. Plaintiff repeats and re-alleges each and every allegation contained within the preceding paragraphs of the Complaint as if set forth at length herein.

24. Defendant, acting alone or in concert, engaged in conduct which induced Plaintiff to pay the Fraudulent Invoices, and during all relevant times at issue herein represented that the Fraudulent Invoices and Other Invoices were legitimate invoices flowing from services rendered on behalf of, or for the benefit of, Plaintiff. Based on said inducements and/or representations, Plaintiff paid the Fraudulent Invoices.

25. Defendant, at the time that said inducements and/or representations were made, knew that these were not legitimate invoices flowing from services rendered on behalf of, or for the benefit of, Plaintiff.

26. Defendant intended that Plaintiff rely upon the inducements and/or misrepresentations in order to receive payment.

27. Plaintiff relied upon these inducements and/or misrepresentations to its detriment by paying the Fraudulent Invoices. Plaintiff has suffered and continues to suffer ascertainable losses as a result of Defendant's fraudulent actions, including but not limited to Defendant's repeated demands that Plaintiff now pay the Other Invoices as well.

28. Defendant's actions enumerated above constitute common law fraud.

## COUNT II

## NEGLIGENT MISREPRESENTATION

29. Plaintiff repeats and re-alleges each and every allegation contained within the preceding paragraphs of the Complaint as if set forth at length herein.

23053393v.1

30. Defendant, acting alone or in concert, negligently engaged in conduct which induced Plaintiff to pay the Fraudulent Invoices, and during all relevant times at issue herein negligently represented that the Fraudulent Invoices and Other Invoices were legitimate invoices flowing from services rendered on behalf of, or for the benefit of, Plaintiff. Based on said inducements and/or representations, Plaintiff paid the Fraudulent Invoices.

31. Plaintiff relied upon these negligently made inducements and/or misrepresentations to its detriment by paying the Fraudulent Invoices. Plaintiff has suffered and continues to suffer ascertainable losses as a result of Defendant's actions, including but not limited to Defendant's repeated demands that Plaintiff now pay the Other Invoices as well.

32. Plaintiff has suffered and continues to suffer ascertainable losses as a result of Defendant's negligent misrepresentations.

33. Defendant's actions enumerated above constitute negligent misrepresentation.

## COUNT III

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

34. Plaintiff repeats and re-alleges each and every allegation contained within the preceding paragraphs of the Complaint as if set forth at length herein.

35. Implied within every contract and commercial transaction entered into in the State of New York is a covenant of good faith and fair dealing.

36. By and through the acts and omissions detailed more fully above, Defendant has breached its obligation of good faith and fair dealing with Plaintiff.

37. As a direct and proximate result of the aforesaid breach of the duty of good faith and fair dealing by Defendant, Plaintiff has suffered and continues to suffer ascertainable losses.

## COUNT IV

## UNJUST ENRICHMENT

38.  Plaintiff repeats and re-alleges each and every allegation contained within the preceding paragraphs of the Complaint as if set forth at length herein.

39.  Defendant's failure to return to Plaintiff the payments totaling $667,000 for the Fraudulent Invoices unjustly enriched Defendant. Plaintiff has suffered and continues to suffer ascertainable losses as a result of Defendant's unjust enrichment.

**WHEREFORE** Plaintiff demands judgment against Defendant for compensatory damages, consequential and incidental damages, punitive damages, attorneys' fees, costs, interest, and any other relief the Court may deem fair and equitable.

Dated:  June 24, 2019

WHITE AND WILLIAMS LLP

By _____
JAY SHAPIRO
7 Times Square
New York, NY 10036
Phone: 212-244-9500
Email: shapiroj@whiteandwilliams.com
*Attorneys for Plaintiff MWW Group, LLC*
